UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS LOCAL 449,<br><br>Plaintiff,<br><br>v.<br><br>BLACK RIDGE ENERGY SERVICES, INC.,<br><br>Defendant. | Case No. 4:13-CV-00355-EJL-REB<br><br>**ORDER ADOPTING REPORT AND RECOMMENDATION** |

## INTRODUCTION

On July 3, 2014, United States Magistrate Judge Ronald E. Bush issued a Report and Recommendation ("Report"), recommending that Defendant's Motion to Dismiss be granted. (Dkt. 18.) Any party may challenge a magistrate judge's proposed recommendation by filing written objections to the Report within fourteen days after being served with a copy of the same. *See* 28 U.S.C. § 636(b)(1); Local Civil Rule 72.1(b). The district court must then "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.* The district court may accept, reject, or modify in whole or in part, the findings and recommendations made by the magistrate judge. *Id.*; *see also* Fed. R. Civ. P. 72(b).

ORDER- 1

Plaintiffs filed objections to the Report to which the Respondent has filed its response. (Dkt. 23, 24.) The matter is now ripe for the Court's consideration. *See* Local Civil Rule 72.1(b)(2); 28 U.S.C. § 636(b)(1)(B). Plaintiffs have also filed a Second Motion for Leave to File an Amended Complaint. (Dkt. 22.) The Court will take up these pending matters in this Order.

## STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court "may accept, reject, or modify, in whole or in part, the findings and recommendations made by the magistrate judge." Where the parties object to a report and recommendation, this Court "shall make a de novo determination of those portions of the report which objection is made." *Id.* Where, however, no objections are filed the district court need not conduct a *de novo* review. In *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003), the court interpreted the requirements of 28 U.S.C. § 636(b)(1)(C):

> The statute [28 U.S.C. § 636(b)(1)(C)] makes it clear that the district judge must review the magistrate judge's findings and recommendations de novo if objection is made, but not otherwise. As the *Peretz* Court instructed, "to the extent de novo review is required to satisfy Article III concerns, it need not be exercised unless requested by the parties." *Peretz*, 501 U.S. at 939 (internal citation omitted). Neither the Constitution nor the statute requires a district judge to review, de novo, findings and recommendations that the parties themselves accept as correct. *See Ciapponi*, 77 F.3d at 1251 ("Absent an objection or request for review by the defendant, the district court was not required to engage in any more formal review of the plea proceeding."); *see also Peretz*, 501 U.S. at 937-39 (clarifying that de novo review not required for Article III purposes unless requested by the parties) . . . .

*See also Wang v. Masaitis*, 416 F.3d 993, 1000 & n.13 (9th Cir. 2005). Furthermore, to the

**ORDER-** 2

extent that no objections are made, arguments to the contrary are waived. *See* Fed. R. Civ. P. 72; 28 U.S.C. § 636(b)(1) (objections are waived if they are not filed within fourteen days of service of the Report and Recommendation). "When no timely objection is filed, the Court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Advisory Committee Notes to Fed. R. Civ. P. 72 (citing *Campbell v. United States Dist. Court*, 501 F.2d 196, 206 (9th Cir.1974)).

In this case, the Court has conducted a *de novo* review of those portions of the Report to which the parties have objected. The Court has also reviewed the entire Report as well as the record in this matter for clear error on the face of the record and finds as follows.

## DISCUSSION

The underlying procedural background and facts of this case are neatly articulated in the Report to which neither party objects. (Dkt. 18.) The Court incorporates the Report's recitation of the background and facts in this Order. In short, this case involves Plaintiffs' claim that Defendant, Black Ridge Energy Services, Inc., is liable for the debts of another entity, Portneuf Electric, because it is the successor in interest and alter ego of that entity. Specifically, the contributions and assessments Portneuf owes to the Plaintiffs pursuant to an ERISA judgment entered in a separate proceeding. *See* Case No. 1:12-cv-00126 (Dkt. 64.)

1)  **Defendant's Motion to Dismiss**

Here, the Defendant's Motion to Dismiss argued that subject matter is lacking and the case should be dismissed pursuant to Rule 12(b)(1). The Report agreed concluding that the Complaint's sole claim "resembles a judgment-enforcement action based on a retroactive

**ORDER- 3**

alter ego claim...and, as such, requires its own basis for federal jurisdiction separate from the extant judgment against Portneuf." (Dkt. 18 at 10.) Because the Complaint had failed to allege a jurisdictional basis for the claim against the Defendant here, the Report concludes that the Motion to Dismiss should be granted. This Court agrees.

Having fully considered the Petitioner's objections, the response to the objections, and the entire record herein, the Court finds the Report's conclusions and findings are consistent with this Court's own view of the record. For the reasons stated in the Report, this Court finds that the Plaintiffs Complaint has not shown a proper basis for subject matter jurisdiction and the Motion to Dismiss is granted. Because this Court is in full agreement with the analysis and conclusions of the Report, the Court incorporates and adopts the Report in its entirety.

In so finding, the Court rejects Plaintiffs' argument that the Motion to Dismiss should be deemed moot in light of their subsequently filed motion requesting leave to amend their complaint. (Dkt. 23.) The Motion to Dismiss is correct as it applies to the original Complaint in this case and, as such, will be granted. That being said, the Court considers below Plaintiffs' Motion to Amend the Complaint.

**2) Plaintiffs' Second Motion for Leave to File Amended Complaint**

As to the Plaintiffs' subsequently filed Second Motion for Leave to File Amended Complaint, the Court too finds that request should be granted.

In general, leave to amend pleadings "shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). The granting or denying of a request for leave to amend lies within the

sound discretion of the trial court, which "must be guided by the underlying purpose of Rule 15 to facilitate decisions on the merits, rather than on the pleadings or technicalities." *United States v. Webb*, 655 F.2d 977, 979 (9th Cir. 1981). Thus, courts apply Rule 15 with "extreme liberality." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003) (citations omitted).

In determining whether a motion to amend should be granted, the court generally considers five factors: (1) undue delay; (2) bad faith; (3) futility of amendment; (4) prejudice to the opposing party; and (5) whether the plaintiff has previously amended the complaint. *United States v. Corinthian Colls.*, 655 F.3d 984, 995 (9th Cir. 2011) (citation omitted). These factors are not weighted equally: "futility of amendment alone can justify the denial of a motion" to amend. *Ahlmeyer v. Nev. Sys. of Higher Educ.*, 555 F.3d 1051, 1055 (9th Cir. 2009). A proposed amended pleading is futile "only if no set of facts can be proved under the amendment to the pleadings that would constitute a valid and sufficient claim or defense." *Miller v. RykoffSexton, Inc.*, 845 F.2d 209, 214 (9th Cir. 1988).

Here, the Court has reviewed the proposed Amended Complaint and compared it to the initial Complaint filed in this case. (Dkt. 1 and Dkt. 22, Ex. A.) Having done so, the Court finds that it cannot be said at this stage that the proposed Amended Complaint is futile. The Amended Complaint sets forth two claims, as opposed to the one found in the initial Complaint, against the Defendant and contains some slight variations to the allegations. (Dkt. 22, Ex. A.) Whether those changes are enough for Plaintiffs to have cured the prior jurisdictional shortcomings, is not decided here. At this stage, the Court concludes only that

leave to amend should be granted because none of the aforementioned factors weigh against doing so. The Defendant may file a motion challenging the new pleading in accordance with the time frame set forth below.

## ORDER

**NOW THEREFORE IT IS HEREBY ORDERED** as follows:

1) The Report and Recommendation entered on July 3, 2014 (Dkt. 18) is **ADOPTED** in its entirety and Defendant's Motion to Dismiss (Dkt. 5) is **GRANTED**. Plaintiffs' claim in the initial Complaint is **DISMISSED WITHOUT PREJUDICE**.

2) Plaintiffs' Second Motion for Leave to File Amended Complaint (Dkt. 22) is **GRANTED**. On or before **August 11, 2014**, Plaintiffs shall file their proposed Amended Complaint as a separate document in the record of this case entitled as "Amended Complaint." Any motions challenging the pleading may be filed on or before **August 25, 2014** with response briefs being filed no later than **September 15, 2014** and reply briefs being due on **September 29, 2014**.

DATED: **August 6, 2014**

Honorable Edward J. Lodge
U. S. District Judge