UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS LOCAL 449,<br><br>Plaintiff,<br><br>v.<br><br>BLACK RIDGE ENERGY SERVICES, INC.,<br><br>Defendant. | Case No. 4:13-CV-00355-EJL-REB<br><br>**ORDER ON REPORT AND RECOMMENDATION** |

# INTRODUCTION

On January 21, 2015, United States Magistrate Judge Ronald E. Bush issued a Report and Recommendation ("Report"), recommending that Defendant's Motion to Dismiss be granted in part and denied in part. (Dkt. 31.) Any party may challenge a magistrate judge's proposed recommendation by filing written objections to the Report within fourteen days after being served with a copy of the same. *See* 28 U.S.C. § 636(b)(1); Local Civil Rule 72.1(b). The district court must then "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.* The district court may accept, reject, or modify in whole or in part, the findings and recommendations made by the magistrate judge. *Id.*; *see also* Fed. R. Civ. P. 72(b). Both

sides have filed objections to the Report and responses to the same. (Dkt. 32-35.) The matter is now ripe for the Court's consideration. *See* Local Civil Rule 72.1(b)(2); 28 U.S.C. § 636(b)(1)(B).

## STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court "may accept, reject, or modify, in whole or in part, the findings and recommendations made by the magistrate judge." Where the parties object to a report and recommendation, this Court "shall make a de novo determination of those portions of the report which objection is made." *Id.* Where, however, no objections are filed the district court need not conduct a *de novo* review. In *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003), the court interpreted the requirements of 28 U.S.C. § 636(b)(1)(C):

> The statute [28 U.S.C. § 636(b)(1)(C)] makes it clear that the district judge must review the magistrate judge's findings and recommendations *de novo* if objection is made, but not otherwise. As the *Peretz* Court instructed, "to the extent de novo review is required to satisfy Article III concerns, it need not be exercised unless requested by the parties." *Peretz*, 501 U.S. at 939 (internal citation omitted). Neither the Constitution nor the statute requires a district judge to review, de novo, findings and recommendations that the parties themselves accept as correct. *See Ciapponi*, 77 F.3d at 1251 ("Absent an objection or request for review by the defendant, the district court was not required to engage in any more formal review of the plea proceeding."); *see also Peretz*, 501 U.S. at 937-39 (clarifying that de novo review not required for Article III purposes unless requested by the parties) . . . .

*See also Wang v. Masaitis*, 416 F.3d 993, 1000 & n.13 (9th Cir. 2005). Furthermore, to the extent that no objections are made, arguments to the contrary are waived. *See* Fed. R. Civ. P. 72; 28 U.S.C. § 636(b)(1) (objections are waived if they are not filed within fourteen days

ORDER- 2

of service of the Report and Recommendation). "When no timely objection is filed, the Court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Advisory Committee Notes to Fed. R. Civ. P. 72 (citing *Campbell v. United States Dist. Court*, 501 F.2d 196, 206 (9th Cir.1974)).

The Court has reviewed the entire Report as well as the record in this matter for clear error on the face of the record and none has been found. The Court has also conducted a *de novo* review of those portions of the Report to which the parties have objected and finds as follows.

## DISCUSSION

The full procedural background and facts of this case are well articulated in the Report and the Court incorporates the same in this Order. In short, the Plaintiffs' First Amended Complaint raises two claims for relief alleging 1) Defendant failed to pay contributions and 2) Defendant's liability for the Judgement entered against Portneuf – an entity not a party to this action. (Dkt. 26.) The Report concluded that the second claim should be dismissed for lack of jurisdiction but that the first claim survives. (Dkt. 31.)

Plaintiffs' objection argues that the Report improperly concludes that supplemental jurisdiction does not exist on their second claim. (Dkt. 32.) Defendant objects to the Report's failure to determine that the first claim should be dismissed because it fails to state a claim under Rule 21(b)(1). (Dkt. 33.)

1. **Plaintiffs' Objection**

Plaintiffs argue the Report erred "in failing to consider, as expressly plead in the Amended Complaint, that Count II was property before the Court as a matter within the Court's supplemental jurisdiction." (Dkt. 32 at 2.) Pointing to the case *Ellis v. All Steel Construction, Inc.*, 389 F.3d 1031, 1033 (10th Cir. 2004), Plaintiffs argue because the first claim gives rise to original jurisdiction the Court has supplemental jurisdiction over the second claim. (Dkt. 32 at 4.)

The Report, however, does explicitly consider the *Ellis* case and concluded that supplemental jurisdiction does not exist here. (Dkt. 31 at 14 n. 7.) This Court has made a *de novo* review of the *Ellis* case as well as the case relied upon by the Report, *Peacock v. Thomas*, 516 U.S. 349 (1995). Having done so this Court is in agreement with the Report that supplemental jurisdiction does not lie in this case. In *Ellis* the "determinative factor is whether ERISA liability is asserted against the second company directly based on the actions of the second company." *Ellis*, 389 F.3d at 1035. That is not the case here where Plaintiffs' second claim does not assert ERISA liability directly against Defendant but instead seeks to enforce an earlier judgment against the Defendant. Under such circumstances, the holding in *Peacock* controls and precludes the claim. The Court denies Plaintiffs' objection.

2. **Defendant's Objection**

Defendant objects to the Report's failure to address the first claim under Federal Rule of Civil Procedure 12(b)(6), arguing the first claim fails to state a claim upon which relief may be granted. (Dkt. 33.) Plaintiffs counter that the Defendant's objection raises an entirely

new argument and, regardless, the first claim properly states a cause of action. (Dkt. 35.) The Court agrees that Defendant's Rule 12(b)(6) argument was not the driving force of its Motion to Dismiss which is likely why it was not given greater attention in the Report.

The Report lays out only the standard of law applicable to Rule 12(b)(1) which is dismissal for lack of subject matter jurisdiction. (Dkt. 31 at 8.) In considering the first claim for relief, the Report found that the allegations in the First Amended Complaint "avers unique conduct on the part of Black Ridge as a means of invoking liability under ERISA – conduct that is separate and apart from actions giving rise to the judgment (which specifically relates to Portneuf's conduct alone) in the Underlying Action." (Dkt. 31 at 13.) The Report briefly discusses the facts relevant to the claim and then concludes that "Plaintiffs' First Amended Complaint, through its First Cause of Action, contains allegations which, taken as true, state a claim for relief." (Dkt. 31 at 14.) This discussion and conclusion appears to apply the standard applicable to Rule 12(b)(6) even though that standard is not included in the Report's discussion. Because it is not clear, however, that the Report applied Rule 12(b)(6), this Court has reviewed the record and the parties' briefing on this claim *de novo* and finds as follows.

A motion to dismiss made pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the sufficiency of a party's claim for relief. When considering such a motion, the Court's inquiry is whether the allegations in a pleading are sufficient under applicable pleading standards. Federal Rule of Civil Procedure 8(a) sets forth minimum pleading rules, requiring

only a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

A motion to dismiss will only be granted if the complaint fails to allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citations omitted). Although "we must take all of the factual allegations in the complaint as true, we are not bound to accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555. Therefore, "conclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss for failure to state a claim." *Caviness v. Horizon Comm. Learning Cent., Inc.*, 590 F.3d 806, 811-12 (9th Cir. 2010) (citation omitted).

The first claim raises an alter ego theory of liability. The "alter ego" test requires the Plaintiffs to prove that (1) the two entities have common ownership, management, operations, and labor relations, and (2) the Defendant was used in a sham effort to avoid collective bargaining obligations. *Resilient Floor Covering Pension Fund v. M&M Installation, Inc.*, 630 F.3d 848, 852 (9th Cir. 2010) (discussing *UA Local 343 United Ass'n of Journeymen & Apprentices of Plumbing & Pipefitting Indus. of U.S. & Canada, AFL-CIO v. Nor-Cal Plumbing, Inc.*, 48 F.3d 1465, 1470-71 (9th Cir. 1994). No one factor is

**ORDER- 6**

controlling nor do all of the criteria need to be present in order to find alter ego liability. *Nor-Cal*, 48 F.3d at 1471. That being said, the "most important factor" is the centralized control of labor relations, which can be shown by demonstrating either common control of day-to-day labor matters or that the person in charge of the union company's labor relations made the decision that the second company would be non-union. *Id.* (citations omitted).

Here, the first claim raised in the First Amended Complaint alleges ERISA liability based on Defendant being the alter ego of Portneuf Electric stating the Defendant "is, within the meaning of the LMRDA and ERISA signatory to collective bargaining agreements with Locals 291 and 449 as well as trust agreements with various benefit trusts as described above." (Dkt. 26 at ¶ 20.) The claim goes on to allege that Defendant "employed electricians but failed to make fringe benefit contributions to the Plaintiff[s'] benefit and pension funds in violation of the Labor Agreements, Trust Agreements, and ERISA...for any of the electricians employed by it since June 22, 2012." (Dkt. 26 at ¶ 21.)

On this claim, Plaintiffs have alleged common management and employees, common use of assets, office and telephones, and common use of permits and suppliers. (Dkt. 26 at ¶¶ 15, 16, 17.) Defendant contends these allegations are not sufficiently specific. (Dkt. 30 at 5.) Plaintiffs maintain that these allegations demonstrate a plausible claim for relief under an alter ego theory. (Dkt. 29 at 5.) Having reviewed the record *de novo*, the Court finds the allegations in the First Amended Complaint are sufficient to state a plausible claim for relief.

The factual allegations going to show common or centralized control over labor relations include that Portneuf's employees performed electrical work for Black Ridge and that Brett Harris exercised common control over the labor relations in both companies by recruiting electricians to Black Ridge. (Dkt. 26 at ¶ 16, 18.) The First Amended Complaint also alleges facts going to show common ownership and management of the companies through the overlap in personnel between the two entities including the Harrises who formed Black Ridge, that the officers of Black Ridge were the managers of Portneuf, that Black Ridge's sole employees were also Portneuf employees and/or owners. (Dkt. 26 at ¶¶ 14-16.) Particularly telling are the allegations that the two entities used the same premises/offices, phone, employees, and equipment which go to show they had interrelated operations. (Dkt. 26 at ¶ 16-17.)

As to the second element that the alter ego entity was created as a sham, the First Amended Complaint alleges that Black Ridge was created at the same time that Portneuf was having difficulty paying its obligations. (Dkt. 26 at 11-13.) This goes to show Black Ridge may have been created to help Portneuf avoid its contractual obligations. Essentially that Black Ridge was operating as Portneuf while avoiding the liability concerns facing Portneuf. There are also allegations that Defendant specifically intended to defraud by attempting to disguise the identity of certain Portneuf assets that were transferred to Black Ridge. (Dkt. 26 at 16.)

The Court finds that these factual allegations, if true, could plausibly be found to support the alter ego theory. Whether the claim survives a later more substantive motion remains to be seen. At this stage, the Court concludes that there are sufficient factual allegations to support the claim and overcome the Motion to Dismiss.

### ORDER

**NOW THEREFORE IT IS HEREBY ORDERED** that the Report and Recommendation entered on January 21, 2015 (Dkt. 31) is **ADOPTED** and the Defendant's Motion to Dismiss (Dkt. 28) is **GRANTED IN PART AND DENIED IN PART** as stated therein.

DATED: **March 11, 2015**

Honorable Edward J. Lodge
U. S. District Judge